SCHOTT, Judge.
This case is a sequel to Gillaspie v. Mittelbronn, 326 So.2d 538 (La.App. 4th Cir. 1976) in which the background of this litigation was presented in detail, and all except one of the claims asserted by plaintiff were resolved. The remaining claim was for $17,995.75 allegedly loaned by plaintiff to Dr. Mittelbronn on May 6, 1969.
In our previous opinion we were confronted with a record which contained some support for plaintiff’s claim, but the evidence was not sufficient for us to hold that the trial judge committed manifest error in rejecting the claim. However, the trial judge did not have the benefit of testimony given by Mrs. Mittelbronn on February 27, 1973, at the trial of a rule she had brought against her husband that he had borrowed $20,000 from plaintiff. This testimony was critical and may have served to buttress her claim for alimony which she was then asserting.
On October 30, 1974, the original trial of the present suit was in progress. Plaintiff was attempting to establish the loan to her son as a basis for the liability to her of the community in which Mrs. Mittelbronn had an interest. Asked whether she knew anything about her husband borrowing the $17,995.75 from his mother she answered in the negative. Dr. Mittelbronn, who was representing himself, asked her on cross examination if she remembered testifying that she knew of the $20,000 debt owed to his mother, and she replied in the negative. On re-cross examination by plaintiff’s attorney she was asked “Could you have possibly testified to that?” and she replied, “Not that I remember.” On further questioning, she insisted that her mother-in-law never had any money and was always poor. She stated that her husband had to give his mother money. When asked whether she had any knowledge that her mother-in-law had sufficient money to lend to her husband, she stated “I never knew she had money to loan him.”
Because the transcript of the testimony given twenty months earlier by Mrs. Mittel-bronn was not available at the time of the trial of this case, we remanded the case to the trial court because of our conclusion:
“. . . that the advantage of insuring that justice is done by having the trial court consider the previous testimony with full opportunity afforded to all parties for examination and cross examination on the point outweighs any disadvantage which may result from further delay in these proceedings . . . ” (Emphasis supplied)
In our decree we annulled the judgment of the trial court dismissing plaintiff’s claim for the $17,995.75, and the matter was remanded “to enable the parties to introduce the transcript of the testimony and to be afforded an opportunity to offer evidence with respect thereto.”
It should be clear from a reading of our previous opinion that we were satisfied that the burden of proof was on Mrs. Mittel-bronn to offer some explanation for her earlier admission under oath that plaintiff had loaned her husband $20,000 in the light of her testimony in the present case that she had no recollection of such a loan and her affirmative assertion that plaintiff was not in a position to make such a loan. In spite of these directions, when the case was tried on remand and plaintiff offered the earlier transcript in evidence Mrs. Mittel-bronn offered no explanation whatsoever. In fact, it appears that Mrs. Mittelbronn was not even present at the trial on remand. The trial consisted exclusively of the court reporter reading the transcript of the earlier testimony.
In again dismissing plaintiff’s suit, the trial judge made the following observation:
“The facts of this case are as vivid in my mind today as on the days I tried the case. I was not impressed with the testimony of the Plaintiff herein. Further, the testimony of Dr. Mittelbronn was un *232 believable, as far as I was,' and am concerned.”
He then went on to quote the testimony from the earlier hearing in which Mrs. Mit-telbronn had admitted that plaintiff had loaned $20,000 to her husband:
It is argued that on this testimony, given by Mrs. Mittelbronn, in the previous case, at an unsuspicious time, the Court is to reverse its judgment as to $17,995.75. “The Court is as convinced, as it was on February 13, 1975, that Dr. Mittelbronn does not owe his mother $17,995.75.”
We have concluded that the trial court committed manifest error. As summarized in the earlier opinion, the evidence without any regard to the testimony of plaintiff or Dr. Mittelbronn whatsoever was to the effect that plaintiff borrowed $17,995.75 from the Globe Homestead Association on May 6, 1969, and received a check from the attor-‘ neys for the Homestead for that amount to her order. This check was endorsed by her and by Dr. Mittelbronn and negotiated on May 8, 1969. Because of the quality of the testimony of both plaintiff and Dr. Mittel-bronn, as well as their behavior in failing to comply with subpoenae duces tecum, we could easily understand why the trial judge was unimpressed with plaintiff’s case. We would have affirmed the judgment at that time except for the discovery which was unknown to the trial judge that Mrs. Mit-telbronn had under oath acknowledged that her husband had borrowed $20,000 from his mother. This testimony was given at a time long before she suspected that this might operate to her disadvantage. We are cognizant of the fact that there is a difference between the amount sued for here and the $20,000, but when the $17,995.75 is added to the $2,431.74 which we held in our earlier opinion to be due to plaintiff we more nearly approximate the amount which Mrs. Mittlebronn acknowledged under oath to be a loan to her husband by her mother-in-law.
 We have concluded that this series of events operated to require that Mrs. Mit-telbronn offer some explanation of her earlier testimony. Her failure to do so left intact prima facie proof of plaintiff’s claim based primarily on her own earlier admission.
Accordingly, the judgment appealed from is reversed and set aside, and there is judgment in favor of plaintiff, Mrs. Jeannie Barksdale Gillaspie, and against defendants, Dr. and Mrs. Ernest J. Mittelbronn, in the sum of $17,995.75 with legal interest from date of judicial demand until paid, and for all costs of these proceedings. The debt is of the community heretofore existing between Dr. and Mrs. Mittelbronn.
REVERSED AND RENDERED.